# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SELECT RETRIEVAL, LLC,<br><br>                    Plaintiff,<br><br>    vs.<br><br><br><br>AMERICAN APPAREL, LLC,<br><br>                    Defendant. | CASE NO. 11cv2158-LAB (WMC)<br><br>**ORDER GRANTING MOTIONS TO SUBSTITUTE ATTORNEYS;**<br><br>**ORDER DISMISSING SKECHERS, U.S.A. WITH PREJUDICE;**<br><br>**ORDER DENYING WITHOUT PREJUDICE MOTIONS TO DISMISS; AND**<br><br>**ORDER DENYING AS MOOT MOTION FOR EXTENSION OF TIME TO ANSWER** |

### I.    Motions to Substitute Counsel

On February 3, Plaintiff Select Retrieval, LLC moved to substitute X-Patents, APC (including John Hangartner, Esq.) in place of its current counsel San Diego IP Law Group LLP. On February 7, Defendant Build.com, Inc. moved to substitute William Baker, Esq., Diana Chen, Esq., and Mitra Eskandari-Azari, Esq. of Alston & Bird LLP in place of Jason Choy and Kirkland & Ellis, LLP.

For good cause shown, both motions are **GRANTED** and counsel are substituted accordingly.

**II.     Motion to Dismiss Claims Against, and Counterclaims by, Skechers, U.S.A., Inc.**

On March 15, Select Retrieval and Defendant Skechers, U.S.A., Inc. jointly moved to dismiss all claims against Skechers, and all Skechers' counterclaims against Select Retrieval. In accordance with Fed. R. Civ. P. 41(a), the joint motion is **GRANTED** and all claims against Skechers, as well as counterclaims brought by Skechers, are **DISMISSED WITH PREJUDICE**. The parties shall each bear their own costs and attorney's fees.

**III.    Motions to Dismiss**

On November 30, 2011, Select Retrieval filed its first amended complaint (the FAC) for infringement of U.S. Patent number 6,128,617 (the "Patent" or the "'617 Patent"), naming as Defendants thirty-three different businesses, of which six have since been dismissed. On December 12, 2011, Defendant Everything Furniture, Inc. filed a motion to dismiss. On January 10, 2012, eight Defendants (including Everything Furniture, Inc.) again moved to dismiss. Two other Defendants later joined in the motion. Both motions sought dismissal for failure to state a claim, but the second motion also sought dismissal on the basis of misjoinder. Specifically, the motion argued that Select Retrieval had improperly joined numerous claims arising from different transactions or occurrences, and that the claims' only common link—the fact that all Defendants were alleged to have infringed the same patent—was insufficient to render the claims related. In the alternative, the motions seek a more definite statement.

**A.     Motions to Dismiss**

The complaint brings patent infringement claims against all Defendants. The Patent concerns a method of retrieving information from a database record with plural fields, or software instructions applying this method. Defendants argue the complaint does not meet the pleading standard articulated in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) and *Ashcroft v. Iqbal*, 129 S.C.t 1937 (2009). In response, Select Retrieval cites *McZeal v. Sprint Nextel Corp.*, 501 F.3d 1354 (Fed. Cir. 2007) for the principle that a complaint for patent infringement is adequate if it comports with the minimum standard of Fed. R. Civ. P. Form

/ / /

18.[1] The FAC, all parties acknowledge, uses the same basic formulaic allegation against each Defendant:

> Without license or authorization [the Defendant] is and has been directly infringing the '617 Patent in the United States at least by making, using, owning, operating, and/or maintaining one or more websites, including but not limited to [web address of Defendant's website], that embody the inventions claimed in the '617 Patent. Such acts constitute infringement under at least 35 U.S.C. § 271(a).

FAC, ¶¶ 40–72. A copy of the Patent was attached as an exhibit to the FAC. The FAC's discussion of jurisdiction and venue provides other details about the nature of the alleged infringement:

> This Court has personal jurisdiction over Defendants at least because they conduct business in this Judicial District and have committed acts of direct patent infringement under 35 U.S.C. §271(a) in this Judicial District including, inter alia, importing, making, using, offering for sale and/or selling infringing products and/or selling products using an infringing method, system, medium or instrumentality in this Judicial District.

FAC, ¶ 36.

At first blush, the FAC's allegations seem clear enough: Select Retrieval is claiming that each Defendant owned or operated a website that used the patented data retrieval method. The jurisdictional and venue discussion muddies the water, however, both because of its unparallel grammatical structure, and because of its expensive allegations that don't necessarily relate to the allegations against each individual Defendant. Apparently, Select Retrieval meant to allege that each Defendant imported, made, used, offered for sale, or sold products that infringed the Patent; or used an infringing method, system, medium, or instrumentality when selling products. It isn't clear what, if anything, the difference would be between using a product that infringed the Patent, and using an infringing method, system, medium, or instrumentality. Paragraphs 40 through 72, moreover, don't include any allegations that Defendants imported, sold, or made infringing products. This paragraph isn't merely an aside: Select Retrieval's opposition to the second motion to dismiss particularly cites it as substantively important. (Opp'n to Mot. to Dismiss (Docket no. 138), 7:14–16.)

---

[1] *McZeal* cited what was then Form 16, but which is now Form 18.

Select Retrieval contends its allegations are in line with Form 18, and therefore, under *McZeal*, are sufficient. While the Court would agree that selected portions of the allegations mirror Form 18, the FAC expands on those by including confusing or contradictory allegations, principally in ¶ 36. Very likely the vagueness of this paragraph is due in part to the need to make allegations as broad and inclusive as possible to encompass the actions of the dozens of Defendants here. Nevertheless, *McZeal* doesn't stand for the proposition that a plaintiff may use Form 18 as a model, but then obscure the nature of the claims with other vague and possibly contradictory allegations.

The Court also agrees with Defendants' contention that the FAC should have identified specific parts of the websites alleged to infringe on the Patent; or if the entire websites are alleged to be infringing, specific ways in which the infringement is taking place. Without greater specificity on this point, the FAC would fall short of the example embodied in Form 18.

In other respects, however, the Court finds the FAC is similar to Form 18 and to that extent, dismissal is inappropriate. Select Retrieval is therefore **ORDERED** to file a second amended complaint no later than **April 2, 2012**, correcting the deficiencies this order has identified, and omitting all Defendants that are no longer part of this action. The second amended complaint must not add new Defendants or new claims.

Turning to the issue of misjoinder, even if the Court were to sever the claims at this point, the severed cases would likely be assigned to the same judge under this District's low-number rule. Civ. Local Rule 40.1(e)(3). All such related cases would likely be consolidated for purposes of claims construction. Therefore, the Court finds severance inappropriate at this time. The motions to dismiss are therefore **DENIED WITHOUT PREJUDICE** and the hearing on these motions currently on calendar on Monday, March 26, 2012 is **VACATED**.

After Select Retrieval has filed its second amended complaint, all Defendants that have been served shall file an answer or otherwise respond no later than April 16, 2012. It is the Court's intention that all Defendants will meet and confer and jointly submit claims construction briefing at the appropriate time. Because they can plead in the alternative,

1  unanimity on all points is not required. That said, they will be expected to file one set of
2  briefing in total.  After the Markman hearing, they may if they wish again raise the issue of
3  misjoinder.

**IV.    Motion for Extension of Time to Answer**

Defendant Frederick's of Hollywood Stores, Inc.'s application for extension of time to respond to the first amended complaint is **DENIED AS MOOT**.

**IT IS SO ORDERED**.

DATED:  March 19, 2012

*Larry A. Burns*

**HONORABLE LARRY ALAN BURNS**
United States District Judge